# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

Thurgood Marshall U.S. Courthouse   40 Foley Square, New York, NY 10007 Telephone: 212-857-8500

## MOTION INFORMATION STATEMENT

**Docket Number(s):** 21-2576

**Caption [use short title]**

**Motion for:** Stay of Appeal No. 21-2576 and Coordination of Briefing Schedule with Appeal No. 21-2547

Set forth below precise, complete statement of relief sought:

Appellants request that this Court (1) stay appeal No. 21-2576 pending the district court's resolution of a motion for prejudgment interest in the related case, and (2) establish a coordinated schedule for briefing and oral argument before the same panel in the two related appeals (Nos. 21-2547 & 21-2576).

In re: TransCare Corporation

**MOVING PARTY:** Patriarch Partners Agency Services, LLC, et al.
**OPPOSING PARTY:** Salvatore LaMonica

☐ Plaintiff   ☐ Defendant
☑ Appellant/Petitioner   ☐ Appellee/Respondent

**MOVING ATTORNEY:** Mark A. Perry
**OPPOSING ATTORNEY:** Avery Samet

[name of attorney, with firm, address, phone number and e-mail]

Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, NW, Washington, DC 20036
202-955-8500

Amini LLC
131 West 35th Street, 12th Floor, New York, NY 10001
212-490-4700

**Court- Judge/ Agency appealed from:** SDNY / Judge Lewis A. Kaplan

**Please check appropriate boxes:**

Has movant notified opposing counsel (required by Local Rule 27.1):
☑ Yes   ☐ No (explain):_____

Opposing counsel's position on motion:
☐ Unopposed   ☐ Opposed   ☑ Don't Know

Does opposing counsel intend to file a response:
☐ Yes   ☐ No   ☑ Don't Know

**FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUCTIONS PENDING APPEAL:**
Has this request for relief been made below?   ☐ Yes ☐ No
Has this relief been previously sought in this court?   ☐ Yes ☐ No
Requested return date and explanation of emergency: _____

Is oral argument on motion requested?   ☐ Yes   ☑ No (requests for oral argument will not necessarily be granted)

Has argument date of appeal been set?   ☐ Yes   ☑ No   If yes, enter date:_____

**Signature of Moving Attorney:**
/s/ Mark A. Perry   **Date:** 11/09/2021   Service by: ☑ CM/ECF   ☐ Other [Attach proof of service]

Form T-1080 (rev.12-13)

# 21-2576

## United States Court of Appeals for the Second Circuit

IN RE: TRANSCARE CORPORATION,

*Debtor.*

PATRIARCH PARTNERS AGENCY SERVICES, LLC, TRANSCENDENCE TRANSIT, INC., TRANSCENDENCE TRANSIT II, INC.,

*Appellants*,

v.

SALVATORE LAMONICA, AS CHAPTER 7 TRUSTEE OF THE JOINTLY-ADMINISTERED ESTATES OF TRANSCARE CORPORATION, ET AL.,

*Trustee-Appellee*.

Appeal from the United States District Court
for the Southern District of New York
No. 20-cv-6274, Judge Lewis A. Kaplan

**APPELLANTS' MOTION TO STAY APPEAL NO. 21-2576 AND
COORDINATE BRIEFING SCHEDULE WITH APPEAL NO. 21-2547**

Michael T. Mervis
PROSKAUER ROSE LLP
11 Times Square
New York, NY 10036
(212) 969-3000

Mark A. Perry
Miguel A. Estrada
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036
(202) 955-8500

*Counsel for Appellants*

These two appeals arise from separate judgments in the same bankruptcy proceedings. One of these appeals (No. 21-2547) has been stayed pending resolution of a motion for prejudgment interest that was recently filed in district court. Appellants respectfully move this Court to stay the second appeal (No. 21-2576) for the same period, so that both appeals proceed on a parallel track for briefing and eventual consideration by the same panel of this Court. Because the two appeals are related, this course would best serve the interests of judicial efficiency.

Counsel for Appellants contacted counsel for Appellee regarding the content of this motion, and asked for Appellee's position on the relief requested and whether a response would be filed. Counsel for Appellee did not respond.

Both appeals concern the failure of an insolvent ambulance and medical transport business, TransCare, which entered Chapter 7 bankruptcy proceedings on February 24, 2016. Lynn Tilton, the appellant in one appeal (No. 21-2547), was the sole director of TransCare. Tilton also controlled Patriarch Partners Agency Services, LLC ("PPAS"), an appellant in the other appeal (No. 21-2576) and the administrative agent under the credit agreement between TransCare and a group of its secured term loan lenders. Tilton attempted to rescue TransCare from the brink of bankruptcy. After concluding that a sale of TransCare was not feasible, she developed a restructuring plan, which was ultimately unsuccessful. All of TransCare's business lines closed within two days of the bankruptcy filing.

1

The Chapter 7 Trustee is the appellee in both appeals. He initiated adversarial bankruptcy proceedings in the United States Bankruptcy Court for the Southern District of New York on February 22, 2018. In relevant part, the Trustee alleged that Tilton breached the duty of loyalty by attempting to restructure TransCare and that PPAS and two other appellants (Transcendence Transit, Inc., and Transcendence Transit II, Inc.) (collectively, the "Corporate Appellants") committed an actual fraudulent conveyance.

The bankruptcy court held a bench trial in July and August 2019 and issued its *Proposed Findings of Fact and Conclusions of Law* ("PFC") (Adv. Proc. No. 18-ap-01021, ECF No. 138). The PFC recommended that the district court find Tilton liable for breaching the duty of loyalty and enter a judgment for $41.8 million. The PFC also found the Corporate Appellants liable for actual fraudulent conveyance under 11 U.S.C. § 548(a)(1)(A) and the New York Debtor and Creditor Law § 276. The court entered a judgment for approximately $45.3 million plus post-judgment interest under 28 U.S.C. § 1961. The Corporate Appellants filed a timely notice of appeal on July 27, 2020 (Adv. Proc. No. 18-ap-01021, ECF No. 146), and Tilton filed her objections to the PFC on August 6, 2020 (Adv. Proc. No. 18-ap-01021, ECF No. 150).

On September 29, 2021, the district court issued a *Memorandum Opinion* adopting the bankruptcy court's proposed findings and conclusions that Tilton

2

breached her fiduciary duties to TransCare (Case No. 20-cv-06523, ECF No. 9). It entered a judgment against Tilton of $38.2 million plus post-judgment interest under 28 U.S.C. § 1961 (Case No. 20-cv-06523, ECF No. 11). The *Memorandum Opinion* also affirmed the bankruptcy court's judgment against the Corporate Appellants in its entirety. (Case No. 20-cv-06274, ECF No. 16). Both Tilton (Case No. 21-2547; ECF No. 1) and the Corporate Appellants (Case No. 21-2576, ECF No. 1) appealed to this Court.

On October 18, 2021, the Trustee moved to alter the judgment against Tilton to include prejudgment interest (Case No. 20-cv-06523, ECF No. 13). This Court stayed Tilton's appeal on October 29, 2021, pending resolution of the Trustee's motion (Case No. 21-2547, ECF No. 24). Tilton filed her opposition to the motion in the district court on November 1, 2021 (Case No. 20-cv-06523, ECF No. 18); as of November 8, that motion has not been resolved. The Corporate Appellants' appeal has not been stayed.

A coordinated presentation of these two appeals is sound judicial policy. Coordination of briefing and argument will enable the court to conserve judicial resources because the appeals arise out of the same fact pattern and the same *Memorandum Opinion*. Although they involve different parties and separate judgments, the two appeals raise similar issues arising out of the same underlying set of transactions and events. The same panel should decide both appeals.

3

As noted, Tilton's appeal (No. 21-2547) is currently stayed pending resolution of a post-judgment motion in the district court. The Corporate Appellants' appeal (No. 21-2576) should be similarly stayed to keep the two appeals on the same schedule. Once proceedings in the district court have concluded, a coordinated briefing schedule can be set for both appeals. This will allow the parties to present their arguments in an effective manner, and permit the Court to resolve both appeals on the same schedule.

## CONCLUSION

For the foregoing reasons, Appellants respectfully move this Court to: (1) stay the Corporate Appellants' appeal (No. 21-2576) pending the district court's resolution of the Trustee's motion to alter the judgment against Tilton; and (2) establish a coordinated schedule for briefing and oral argument before the same panel in the two related appeals (Nos. 21-2547 & 21-2576).

Dated: November 9, 2021

Respectfully submitted,

/s/ *Mark A. Perry*

| | |
|---|---|
| Michael T. Mervis | Mark A. Perry |
| PROSKAUER ROSE LLP | Miguel A. Estrada |
| 11 Times Square | GIBSON, DUNN & CRUTCHER LLP |
| New York, NY 10036 | 1050 Connecticut Avenue, N.W. |
| (212) 969-3000 | Washington, DC 20036 |
| | (202) 955-8500 |

*Counsel for Appellants*

4

## CERTIFICATE OF SERVICE

I hereby certify that I caused the foregoing motion to filed with this Court's CM/ECF system and served on all counsel of record via the same.

| | |
|---|---|
| Dated: November 9, 2021 | */s/ Mark A. Perry*<br>Mark A. Perry |

# CERTIFICATE OF COMPLIANCE

I certify that:

1. This motion complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2), because it contains 845 words, as determined by the word-count function of Microsoft Word.

2. This motion complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6), because it has been prepared in a proportionately spaced typeface using Microsoft Word in 14-point Times New Roman font.

Dated: November 9, 2021              */s/ Mark A. Perry*
                                                          Mark A. Perry